# EXHIBIT 1

VIRGINIA:

IN THE FAIRFAX COUNTY CIRCUIT COURT

2025  11992

ANIL KANCHARLA,    )
                   )
ANILA SEELAMGARI,  )
                   )
APARNA KADARI,     )
                   )
CHAKRAPANI PASUPULEETI,  )
                   )
DEEPIKA BOOJALA,   )
                   )
GEETHA CHAPPALI,   )
                   )
HAREESH GAVINI,    )
                   )
JAYAKRISHNA GORANTLA,  )
                   )
KRISHNA COLLURU,   )
                   )
LAKSHMANA REKHA OBHILINENI,  )
                   )
LAXMI NUGOORU,     )
                   )
MADHAVA ANUGU,     )
                   )
MADHUSDHAN GORANTLA,  )
                   )
NIBU PAUL,         )
                   )
NIRMALA BATTINAPATLA,  )
                   )
PRAJEESH NADOOLI,  )
                   )
PRASANNA KUMAR PENUMALA,  )
                   )
PRITHVIDER JAVAJI,  )
                   )
PUSHPA KONAKALA,   )
                   )
RAGHU B KAMAROUTHU,  )
                   )

FILED
CIVIL INTAKE
2025 AUG 12  PM 3:06
CHRISTOPHER J. FALCON
CLERK, CIRCUIT COURT
FAIRFAX, VA

RAJANI PADURU,                                    )
                                                 )
RAMESH NAIDU DASYAM,                             )
                                                 )
RAVI MIDDA,                                      )
                                                 )
RAVINDRANATH MANGALAGIRI,                        )
                                                 )
SACHIN BEHL,                                     )
                                                 )
SANJEEV K CHANDA,                                )
                                                 )
SATEESH CHINTA,                                  )
                                                 )
SMRUTHI PURELLI,                                 )
                                                 )
SREENIVASULU UPPARI PASHANAM,                    )
                                                 )
SRINIVASA PENDURTHI,                             )
                                                 )
SUNEEL KANCHARLA,                                )
                                                 )
SURESH ADUSUMILLI,                               )
                                                 )
SURESH PALADUGU,                                 )
                                                 )
UMA KARNATI,                                     )
                                                 )
UMAMAHESWARARAO NIZAMPATNAM,                     )
                                                 )
VANI AMBATI DAMODARAM,                           )
                                                 )
VARALAKSHMI ADIPUDI,                             )
                                                 )
VENKATA CHINTA,                                  )
                                                 )
VENKATA MALLIPEDDI,                              )
                                                 )
VENKATESWARA CHITTEPU,                           )

and                                              )
                                                 )
VINAY GUNDALA                                    )
                                                 )
       Plaintiffs,                               )
                                                 )

v.                                          )        Case No.:
                                            )
PRISCILLA ALMODOVAR                         )
45 W 10th St #4D                            )
New York, NY 10011                          )
                                            )
and                                         )
                                            )
THE FEDERAL NATIONAL MORTGAGE               )
ASSOCIATION                                 )
2000 Opportunity Wy,                        )
Reston, VA 20190                            )
                                            )
       Defendant.                           )
                                            )

## COMPLAINT

Plaintiffs, listed in the following section, by counsel and for its Complaint against

Defendant Priscilla Almodovar, state as follows:

## NATURE OF CASE

1.     This case arises out of Defendants Priscilla Almodovar ("Almodovar") and the Federal

National Mortgage Association's ("Fannie Mae") nation-wide defamation of Plaintiffs.

## PARTIES

2.     Plaintiffs, with the exception of the Plaintiff listed below, are adult residents of the

Commonwealth of Virginia and previously worked for the Federal National Mortgage

Association ("Fannie Mae").

3.     Plaintiff Nibu Paul is an adult resident of the State of Texas and previously worked for

Fannie Mae.

4.     Almodovar is an adult resident of the State of New York and the President and Chief

Executive Officer of Fannie Mae.

5.     Fannie Mae was first chartered by the U.S. government in 1938 to help ensure a

reliable and affordable supply of mortgage funds throughout the country. Today it is a shareholder-owned company that operates under a congressional charter.

## JURISDICTION AND VENUE

6.  This case arises from acts of defamation that arose outside of the Commonwealth of Virginia, aimed at citizens of Virginia, with injuries from that defamation being sustained in Virginia.

7.  Defendants' defamatory statements were stored in, accessed from, and otherwise published via data centers located in Virginia.

8.  Defendant Fanine Mae conducts significant operations with dozens of employees in Reston, Virgina.

9.  Defendants' defamation directly damaged and continues to damage the reputation and good character of Plaintiffs in Virginia, where all but three plaintiffs reside.

10.  Venue is proper in this Court pursuant to § 8.01-262(1), (3) and (4).

## FACTS

11.  On April 2, 2025, Plaintiffs, who were all employees of Defendants, jointly and severally received an email from Fannie Mae Human Resources (HR) directing them not to come into the office, but to instead attend a Microsoft Teams call at 10 am on April 3, 2025.

12.  Plaintiffs joined the Teams call along with what they believe were at least 80 other people.

13.  Plaintiffs, along with the other members of the Microsoft Teams call, were all told at the same time that they were being terminated "for cause" for violating Fannie Mae's Charitable Giving program for fraud.

14. No explanation was given to individuals or to the group, and everyone on the call was identically and simultaneously terminated immediately.

15. On April 8, 2025, Almodovar published a statement via a joint press release from the Federal Housing Finance Agency and Fannie Mae. See Exhibit 1. This publication contained one statement that is defamatory:

16. "I would like to thank Director Pulte for his empowering of Fannie Mae to root out unethical conduct, including anyone facilitating fraud. We hold our employees to the highest standards, and we will continue to do so,"

17. This statement is demonstrably false.

18. These Statements were made by Almodovar on behalf, and in furtherance of the business interests, of Fannie Mae.

19. Plaintiffs did not ever or at any time:

   a. Engage in "unethical conduct," nor did they

   b. "Facilitate fraud"

20. In fact, Plaintiffs were all employees in good standing with Fannie Mae and had never received any form of disciplinary action during their tenure with the company.

21. Defendants had no information on which to reasonably rely that any of the Plaintiffs committed unethical conduct, fraud or received kickbacks.

22. Defendants' statements have negatively impacted Plaintiff's reputations and careers.

23. Despite multiple requests for evidence, both directly from Plaintiffs and through counsel, Plaintiffs were not given, and still do not have, any evidence to support the claims of fraud against Plaintiffs, jointly, or severally.

## COUNT I
### Defamation *Per Se*

24.    Plaintiffs incorporate the allegations of the paragraphs above as if fully restated herein.

25.    Defendants published a statement accusing plaintiffs of "unethical conduct," and "facilitating fraud."

26.    The statement is defamatory in that:

a.    It was published online.

b.    It was an actionable statement in that:

i.    The statement was false *Schaecher v. Bouffault,* 290 Va. 83, 91-92 (2015); and

ii.    The statement was of such character that they would "tend so to harm the reputation of [Plaintiffs] as to lower [them] in the estimation of [their] community or to deter third persons from associating with [them] or dealing with [them];" (*Id.*)

c.    It was made with malice, as Defendants knew of its falsity or had a reckless indifference to whether it was true, which entitles Plaintiffs to punitive damages. *Government Micro Resources, Inc. v. Jackson,* 624 Va. 63, 71 (2006).

27.    The words used in the statement is defamatory *per se* in that:

a.    They are "those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished;" *Tronfeld v. Nationwide Mut. Ins. Co.,* 272 Va. 709, 713 (2006)

b.    They are "those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment;" (*Id.*) and

c.      They are "those which prejudice such person in his or her profession or trade."

(*Id.*)

28.      Accusing someone of fraud of that magnitude is an act which could be prosecuted as a felony and would both render them unfit for any employment for profit for want of integrity and would prejudice them in their profession or trade.

29.      Therefore, Defendants knew that their public statements about Plaintiffs were false or made them so recklessly as to amount to a willful disregard for the truth. *Gazette, Inc. v. Harris, et al.*, 229 Va. 1, 42 (1985).

30.      Plaintiffs suffered special harm and direct damages because of this defamatory statement.

31.      Plaintiffs have each suffered damages in the amount of $1,000,000.00 for special harm to their personal reputations and business careers.

32.      Plaintiffs pray for punitive damages in the amount of $350,000.00 because Defendants acted with actual malice, such that they published the defamatory statements knowing that Plaintiffs had never engaged in unethical conduct or facilitated fraud, and that Defendants had no evidence demonstrating that they did, so they either knew they were false or had a reckless indifference to whether they were true. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351 (1974).

**COUNT II**
**Defamation by Implication**

33.      Plaintiffs incorporate the allegations of the paragraphs above as if fully restated herein. This Count is pleaded in the alternative.

34.      Defendants published a statement accusing plaintiffs of "unethical conduct," and "facilitating fraud."

35.      The statement is defamatory in that:

    a.    It was published online.

    b.    It was an actionable statement in that:

        i.    The statement was false *Schaecher v. Bouffault,* 290 Va. 83, 91-92 (2015); and

        ii.    The statement was of such character that they would "tend so to harm the reputation of [Plaintiffs] as to lower [them] in the estimation of [their] community or to deter third persons from associating with [them] or dealing with [them];" (*Id.*)

    c.    It was made with malice, as Defendants knew of its falsity or had a reckless indifference to whether it was true, which entitles Plaintiffs to punitive damages. *Government Micro Resources, Inc. v. Jackson,* 624 Va. 63, 71 (2006).

36.    The words used in the statement are defamatory *per se* in that:

    a.    They are "those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished;" *Tronfeld v. Nationwide Mut. Ins. Co.,* 272 Va. 709, 713 (2006)

    b.    They are "those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment;" (*Id.*) and

    c.    They are "those which prejudice such person in his or her profession or trade." (*Id.*)

37.     Accusing someone of fraud of that magnitude is an act which could be prosecuted as a felony and would both render them unfit for any employment for profit for want of integrity and would prejudice them in their profession or trade.

38.     Therefore, Defendants knew that their public statements about Plaintiffs were false or made them so recklessly as to amount to a willful disregard for the truth. *Gazette, Inc. v. Harris, et al.,* 229 Va. 1, 42 (1985).

39.     Plaintiffs suffered special harm and direct damages because of this defamatory statement.

40.     Plaintiffs have each suffered damages in the amount of $1,000,000.00 for special harm to their personal reputations and business careers.

41.     Plaintiffs pray for punitive damages in the amount of $350,000.00 because Defendants acted with actual malice, such that they published the defamatory statements knowing that Plaintiffs had never engaged in unethical conduct or facilitated fraud, and that Defendants had no evidence demonstrating that they did, so they either knew they were false or had a reckless indifference to whether they were true. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351 (1974).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgement in their favor against Defendants Priscilla Almodovar and the Federal National Mortgage Association and prays that this Court:

1.     Award compensatory damages against Defendants in an amount to be proven at trial, but in any event not less than $1,000,000.00 per Plaintiff;

2.     Award punitive damages in the amount of $350,000.00;

3.    Award post-judgement interest at six (6) percent per annum until the judgement is satisfied;

4.    Grant such other and further relief as the Court should deem proper and just.

## JURY DEMAND

Pursuant to Virginia Supreme Court Rule 3:21, Plaintiffs hereby demand a trial by jury on all issues for which a trial by jury may be had.

Respectfully submitted,
Plaintiffs

By:

Milton C. Johns, VSB No. 42305
EXECUTIVE LAW PARTNERS, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030
571-500-1010
571-408-8102 (f)
mjohns@xlppllc.com
*Counsel for Plaintiffs*

Home    News    News Releases    Fannie Mae Fires Over 100 Employees For Unethical Conduct, Including The Facilitation of Fraud

**News Release**

# Fannie Mae Fires Over 100 Employees for Unethical Conduct, Including the Facilitation of Fraud

FOR IMMEDIATE RELEASE

04/08/2025

**Washington, D.C.** — Today, the U.S. Federal Housing Finance Agency (U.S. Federal Housing FHFA) and Fannie Mae issued the following statement:

"In President Trump's housing market, there is no room for fraud, mortgage fraud, or any other deceitful act that can jeopardize the safety and soundness of the housing industry," said William J. Pulte, Chairman of the Board of Directors of Fannie Mae. "Since my swearing-in, we fired over 100 employees from Fannie Mae who we caught engaging in unethical conduct, including facilitating fraud, against our great company.  Anyone who commits fraud against Fannie Mae does so against the American people."

"I would like to thank Director Pulte for his empowering of Fannie Mae to root out unethical conduct, including anyone facilitating fraud. We hold our employees to the highest standards, and we will continue to do so," said Priscilla Almodovar, President and Chief Executive Officer of Fannie Mae.

###

The U.S.  Federal Housing FHFA regulates Fannie Mae, Freddie Mac, and the 11 Federal Home Loan Banks. These government-sponsored enterprises provide more than $8.5 trillion in funding for the U.S. mortgage markets and financial institutions. Additional information is available at www.FHFA.gov, on X @FHFA, YouTube, Facebook, and LinkedIn.

**Contacts:** MediaInquiries@FHFA.gov

## Sign up for email updates

example@website.com                          Subscribe

## U.S. FEDERAL HOUSING

About        Careers        Sitemap        Contact Us

Accessibility    Budget, Finances, and Performance    FOIA    No FEAR Act Data

Office of the Inspector General    Privacy Policy    USA.gov

**Ex. 1**