UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANIL KANCHARLA; ANILA SEELAMGARI; APARNA KADARI; CHAKRAPANI PASUPULEETI; DEEPIKA BOOJALA; GEETHA CHAPPALI; HAREESH GAVINI; JAYAKRISHNA GORANTLA; KRISHNA COLLURU; LAKSHMANA REKHA OBHILINENI; LAXMI NUGOORU; MADHAVA ANUGU; MADHUSDHAN GORANTLA; NIBU PAUL; NIRMALA BATTINAPATLA; PRAJEESH NADOOLI; PRASANNA KUMAR PENUMALA; PRITHVIDER JAVAJI; PUSHPA KONAKALA; RAGHU B KAMAROUTHU; RAJANI PADURU; RAMESH NAIDU DASYAM; RAVI MIDDA; RAVINDRANATH MANGALAGIRI; SACHIN BEHL; SANJEEV K CHANDA; SATEESH CHINTA; SMRUTHI PURELLI; SREENIVASULU UPPARI PASHANAM; SRINIVASA PENDURTHI; SUNEEL KANCHARLA; SURESH ADUSUMILLI; SURESH PALADUGU; UMA KARNATI; UMAMAHESWARARAO NIZAMPATNAM; VANI AMBATI DAMODARAM; VARALAKSHMI ADIPUDI; VENKATA CHINTA; VENKATA MALLIPEDDI; VENKATESWARA CHITTEPU; and VINAY GUNDALA,<br><br>    Plaintiffs,<br><br> v.<br><br>PRISCILLA ALMODOVAR; and THE FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>    Defendants. | Civil Case No.: 1:25-cv-01539-LMB-WBP<br><br>**DEFENDANTS PRISCILLA ALMODOVAR AND THE FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.    Ms. Almodovar Is Alleged To Have Made Only Statements of Opinion, Not of Fact ............................................................................................................. 2

    II.    The Almodovar Statement Was Not "Of Or Concerning" Any Plaintiff .............. 4

    III.    Plaintiffs Fail To Allege That The Almodovar Statement Was False ................... 6

    IV.    Plaintiffs Fail To Plead That Ms. Almodovar Acted With Actual Malice ............ 6

    V.    Punitive Damages Are Not Available Against Fannie Mae .................................. 8

    VI.    Plaintiffs Do Not Satisfy The Requirements Necessary To Amend The Complaint ................................................................................................................ 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACA Fin. Guar. Corp. v. City of Buena Vista*,
  917 F.3d 206 (4th Cir. 2019) .................................................................................................. 9

*Alexis v. Kamras*,
  2020 WL 7090120 (E.D. Va. Dec. 3, 2020) ............................................................................ 7

*Bryant-Shannon v. Vick*,
  2025 WL 1634104 (Va. Ct. App. June 10, 2025) .................................................................... 3

*Compassionate Care Pediatrics, LLC v. Children's Med. Ctr., Ltd.*,
  100 Va. Cir. 6 (Henry Cnty. Cir. Ct. 2018) ............................................................................. 3

*Drager v. PLIVA USA, Inc.*,
  741 F.3d 470 (4th Cir. 2014) .................................................................................................. 9

*Edwards v. Schwartz*,
  378 F. Supp. 3d 468 (W.D. Va. 2019) ..................................................................................... 4

*Evans v. City of Lynchburg*,
  766 F. Supp. 3d 614 (W.D. Va. 2025) ................................................................................ 6, 8

*Gazette, Inc. v. Harris*,
  325 S.E.2d 713 (Va. 1985) ...................................................................................................... 4

*Hanks v. Wavy Broad., LLC*,
  2012 WL 405065 (E.D. Va. Feb. 8, 2012) .............................................................................. 5

*In re Sparkman*,
  703 F.2d 1097 (9th Cir. 1983) ................................................................................................. 8

*Jordan v. Kollman*,
  612 S.E.2d 203 (Va. 2005) .................................................................................................. 2, 3

*Lokhova v. Halper*,
  441 F. Supp. 3d 238 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021) ............................. 5

*Mirafuentes v. Estevez*,
  2015 WL 8177935 (E.D. Va. Nov. 30, 2015) ......................................................................... 6

*Mwangi v. Fed. Nat'l Mortg. Ass'n*,
  2015 WL 12434327 (N.D. Ga. Mar. 9, 2015) ......................................................................... 8

*Raytheon Tech. Servs. Co. v. Hyland*,
  641 S.E.2d 84 (Va. 2007) ........................................................................................................ 4

*Schaecher v. Bouffault*,
  772 S.E.2d 589 (Va. 2015) .................................................................................................. 4, 6

*Scheduled Airlines Traffic Offs., Inc. v. Objective Inc.*,
  180 F.3d 583 (4th Cir. 1999) .................................................................................................. 5

*Tronfeld v. Nationwide Mut. Ins. Co.*,
  636 S.E.2d 447 (Va. 2006) ...................................................................................................... 3

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*United States ex rel. Taylor v. Boyko*,
  39 F.4th 177 (4th Cir. 2022) ............................................................................................... 6, 7

**Statutes**

12 U.S.C. § 4617(j)(1) ........................................................................................................... 8

12 U.S.C. § 4617(j)(4) ........................................................................................................... 8

Va. Code Ann. § 8.01-223.2(A) ............................................................................................. 7

Va. Code Ann. § 8.01-223.2(B) ............................................................................................. 7

## INTRODUCTION

Plaintiffs' attempt to avoid dismissal hinges on a reimagining of their pleading. They insist, for example, that Priscilla Almodovar accused them of engaging in unethical conduct or fraud. As their own Complaint shows, however, Ms. Almodovar simply conveyed an expression of thanks without asserting that anyone in particular, much less plaintiffs, engaged in misconduct. Ms. Almodovar therefore did not make any factual statements at all, and certainly did not accuse these plaintiffs of something with actual malice, as Virginia law requires. And because plaintiffs rope in Fannie Mae solely by alleging that Ms. Almodovar's statements were made on its behalf, their failure to allege viable claims against Ms. Almodovar disposes of their derivative claims against Fannie Mae.

Plaintiffs' opposition brief barely disputes the pleading deficiencies identified in Fannie Mae's and Ms. Almodovar's moving papers:

- Rather than explaining how anything Ms. Almodovar said can be considered a provable fact, plaintiffs respond with the non-sequitur that impugning an unidentified employee's job performance constitutes defamation per se—which addresses an entirely separate element of Virginia defamation claims.

- Plaintiffs assert that the Almodovar Statement[1] can be read as "of or concerning" plaintiffs because (a) the statement discussed unethical conduct among "employees" and (b) plaintiffs had recently been fired. That argument only confirms that plaintiffs cannot specifically connect the statements to themselves, as they must under Virginia law; as defendants showed in their opening brief, discussing a broad class of people

---

[1] All defined terms retain their definitions from Fannie Mae's opening brief. Unless otherwise stated, all emphasis is added and quotations omitted.

1

that may include a plaintiff does not suffice to make the statement "of or concerning" that plaintiff.

- Plaintiffs do not even respond to, let alone contest, defendants' point that nothing in the Almodovar Statement is actually alleged to be false—reason alone to dismiss the Complaint.

- Plaintiffs' response on actual malice is likewise deficient. Their erroneous assertion that only public figures are subject to the actual-malice standard ignores Virginia's anti-SLAPP statute. And their only response to the insufficiency of their malice allegation is to copy and paste a series of paragraphs from their Complaint that make that insufficiency plain.

Plaintiffs cannot move forward with a defamation claim when they fail to plausibly plead the required elements of defamation under Virginia law. The Court should dismiss the Complaint with prejudice.

## ARGUMENT

### I. Ms. Almodovar Is Alleged To Have Made Only Statements of Opinion, Not of Fact

Plaintiffs allege that Ms. Almodovar thanked "Director Pulte for his empowering of Fannie Mae to root out unethical conduct, including anyone facilitating fraud," and stated that Fannie Mae "hold[s] [its] employees to the highest standards, and … will continue to do so." Doc. 1-1 ("Compl.") ¶ 16. As defendants explained, these sentences consist solely of her individual reactions to Director Pulte's own statements, expressions of thanks to Director Pulte, and opinions about the standards to which Fannie Mae always held its employees. MTD Br. 4-6. These statements "cannot be objectively characterized as true or false," *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005), and so cannot form the basis of a defamation claim, *id.* at 207.

2

Plaintiffs principally respond that impugning an unidentified professional or employee in their job constitutes defamation per se. *See* Doc. 13 ("MTD Opp."), at 1-2; *see, e.g.*, *Tronfeld v. Nationwide Mut. Ins. Co.*, 636 S.E.2d 447, 449-50 (Va. 2006). But this is a non sequitur. For a statement "[t]o be actionable" under Virginia defamation law, it "must be both false *and* defamatory." *Jordan*, 612 S.E.2d at 206. The defamation per se doctrine does not eliminate the need to plead and eventually prove falsity. That is why Virginia courts, after identifying a statement as defamatory, separately analyze whether the statement is allegedly false. *See, e.g.*, *Tronfeld*, 636 S.E.2d at 450 (stating that "[u]nless Schmitt's statements are opinion, they are sufficient to sustain a cause of action for defamation per se," and then analyzing whether the statements are provably false); *Bryant-Shannon v. Vick*, 2025 WL 1634104, at *5-10 (Va. Ct. App. June 10, 2025) (separately analyzing whether statement was false and whether it was defamatory per se); *Compassionate Care Pediatrics, LLC v. Children's Med. Ctr., Ltd.*, 100 Va. Cir. 6, at *6 (Henry Cnty. Cir. Ct. 2018) (finding statement to be non-actionable opinion after finding it per se defamatory).

Plaintiffs otherwise do not meaningfully contest that the Almodovar Statement consists of statements of opinion rather than of fact. *See* MTD Opp. 1-3. They merely quote cases noting that "couching … statements in terms of opinion does not dispel [factual] implications," and assert without further elaboration that Ms. Almodovar "implie[d] that the Plaintiffs are guilty of unethical conduct and facilitating fraud." MTD Opp. 1, 3 (alteration in original). But they nowhere explain *why* her statement can and should be read to imply such a thing. *See* MTD Br. 4-6. At the very most, the Almodovar Statement might be read to imply that there is "unethical conduct" to be rooted out at Fannie Mae, but that remains an opinion—a generalized viewpoint regarding employee behavior. *See, e.g.*, *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 514-15

3

(W.D. Va. 2019) ("sweeping and non-specific" terms that are "'indefinite and ambiguous' rather than carrying a 'precise core of meaning for which consensus of understanding exists'" constitute opinions); MTD Br. 6 & n.4.[2] Whatever plaintiffs' characterization, "the meaning of the alleged defamatory language cannot, by innuendo, be extended beyond its ordinary and common acceptation." *Schaecher v. Bouffault*, 772 S.E.2d 589, 594-95 (Va. 2015).

Whether a "statement is one of fact or of opinion is a question of law," which this Court can decide on a motion to dismiss. *See Raytheon Tech. Servs. Co. v. Hyland*, 641 S.E.2d 84, 91 (Va. 2007). Plaintiffs' Complaint fails to show that Ms. Almodovar's statements satisfy the requisite falsity standard. Without a false statement of fact, this lawsuit cannot move forward, and the Court may therefore dismiss the Complaint on this basis alone.

## II. The Almodovar Statement Was Not "Of Or Concerning" Any Plaintiff

Plaintiffs also have failed to plead that the Almodovar Statement was "of or concerning" any of the plaintiffs. *Gazette, Inc. v. Harris*, 325 S.E.2d 713, 738 (Va. 1985). Plaintiffs do not dispute that Ms. Almodovar did not name any person, much less any of the plaintiffs, in her statement. *See* Compl. ¶ 16. And they do not refute that Ms. Almodovar certainly did not assert that anyone (much less any of the plaintiffs) had actually engaged in unethical conduct, much less facilitated fraud. *See id.* Any reasonable reading of Ms. Almodovar's statement of thanks regarding unnamed "employees" does not equate to accusing *these plaintiffs* of facilitating fraud. Compl. ¶ 16; *see* MTD Br. 6-9.

---

[2] Contrary to plaintiffs' suggestion, MTD Opp. 2, there is not even an implication in the statement that any of the plaintiffs facilitated fraud. Ms. Almodovar simply included "anyone facilitating fraud" as an illustrative example of what she considered to be the "unethical conduct" Fannie Mae was "empower[ed]" "to root out." Compl. ¶ 16; *see also* MTD Br. 6-9 (explaining why statement is not "of or concerning" plaintiffs); *infra* Part II.

Plaintiffs argue that surrounding circumstances "connect the libelous words to the plaintiff[s]," MTD Opp. 3, because plaintiffs were among a much larger group of Fannie Mae employees whose employment was terminated, MTD Opp. 4. But as defendants explained, MTD Br. 8-9, the Almodovar Statement neither named any of the plaintiffs nor "provide[d] any identifying details" that would connect her statements to the plaintiffs. *Scheduled Airlines Traffic Offs., Inc. v. Objective Inc.*, 180 F.3d 583, 593 (4th Cir. 1999). It simply referred to the power to root out unethical conduct among "employees" as a class. Compl. ¶ 16. And plaintiffs nowhere grapple with the case law in defendants' opening brief—including a case plaintiffs themselves quote at length, MTD Opp. 3—which illustrates that even statements much more tightly connected to a plaintiff than those at issue here could not be understood by those knowing the plaintiff as referring to the plaintiff. *See* MTD Br. 7-8 (discussing *Hanks v. Wavy Broad., LLC*, 2012 WL 405065, at *8-9 (E.D. Va. Feb. 8, 2012); and *Scheduled Airlines Traffic Offs.*, 180 F.3d at 593); *see also Lokhova v. Halper*, 441 F. Supp. 3d 238, 262 & n.23 (E.D. Va. 2020) (merely assuming, with some doubt, that news article was of or concerning plaintiff when it "does not name [her] and simply includes a generic reference to a 'Russian-born graduate student who regularly attended the seminars'" discussed in article, and only publications by other speakers name plaintiff), *aff'd*, 995 F.3d 134 (4th Cir. 2021). While plaintiffs attempt to tie the Almodovar Statement to *other* statements in the press release that they do not even allege were defamatory, MTD Opp. 4, they do not quarrel with the cases showing that statements made by others cannot be lumped in with Ms. Almodovar's statements for purposes of the "of or concerning" test, *see* MTD Br. 9 n.5.

Because Ms. Almodovar did not speak "of or concerning" plaintiffs, their Complaint must be dismissed for this independent reason. *See Mirafuentes v. Estevez*, 2015 WL 8177935,

5

at *3 (E.D. Va. Nov. 30, 2015) ("It is proper for the Court to determine whether the statements are actionable or not at the 12(b)(6) stage.").

### III. Plaintiffs Fail To Allege That The Almodovar Statement Was False

Additionally, the Complaint does not allege that any of the statements Ms. Almodovar actually made were false at all, much less explain what made them false. MTD Br. 9-10. Plaintiffs merely allege that they did not engage in unethical conduct or facilitate fraud. Compl. ¶ 19. But Ms. Almodovar did not claim that *they* had, and plaintiffs cannot attempt to "extend[]" her statement "beyond its ordinary and common acceptation." *Schaecher*, 772 S.E.2d at 594-95; MTD Br. 10-11.

Plaintiffs' opposition brief fails to respond to defendants' showing. *See* MTD Opp. 1-5. They therefore have conceded the issue. *See Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025) ("Failure to respond to conspicuous, nonfrivolous arguments in an opponent's brief constitutes a waiver of the corresponding claims."). Dismissal would be warranted even absent that concession. "'[N]aked[ly] assert[ing]' that a [statement] is ['false,'] without 'further factual enhancement,' is simply 'a formulaic recitation of the elements of a cause of action.'" *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 193 (4th Cir. 2022) (first three alterations in original). The only supporting allegations in the Complaint allege to be false things that Ms. Almodovar never said. MTD Br. 10.

Plaintiffs do not and cannot plausibly allege that the Almodovar Statement is false. The Complaint should be dismissed for this reason, as well.

### IV. Plaintiffs Fail To Plead That Ms. Almodovar Acted With Actual Malice

Plaintiffs' defamation claims face another insurmountable problem: their failure to plead actual malice. Defendants therefore are immune from liability under Virginia law. *See* MTD Br. 11-15.

6

Plaintiffs concede that Ms. Almodovar "address[ed] matters of public concern," MTD Opp. 4, which renders "[a] person . . . immune from tort liability" under Virginia's anti-SLAPP law, Va. Code Ann. § 8.01-223.2(A). Plaintiffs nevertheless assert that only public figures must prove actual malice. MTD Opp. 4-5. But this ignores what defendants have already explained: the anti-SLAPP law applies to *both* public *and* private figures, and it requires plaintiffs to plead actual malice as to either. MTD Br. 12; *see Alexis v. Kamras*, 2020 WL 7090120, at *19-20 (E.D. Va. Dec. 3, 2020); Va. Code Ann. § 8.01-223.2(A)-(B) (applying actual malice standard to any "person"). So even though plaintiffs are not public figures, they must plead that Ms. Almodovar spoke with actual malice.

Plaintiffs rattle off numerous paragraphs they claim constitute "allegations of actual malice" because they "tend[] to show that Fannie Mae made allegations of fraud and misconduct against the Plaintiffs when Fannie Mae knew it had no evidence" of fraud. MTD Opp. 5. These allegations, however, do not plead actual malice. Rather, they consist of (1) conclusory recitations of the cause of action, which must be set aside, *see* Compl. ¶¶ 29, 38; *Boyko*, 39 F.4th at 193; (2) allegations that plaintiffs did not engage in unethical conduct, *see* Compl. ¶¶ 19-20, which would tend to prove falsity rather than malice, *but see supra* Parts II-III (noting that Ms. Almodovar never accused plaintiffs of unethical conduct); (3) allegations that the plaintiffs suffered harm and that accusations of unethical conduct constitute defamation per se, which likewise address separate elements of defamation unrelated to malice, *see* Compl. ¶¶ 22, 28, 37; and (4) allegations that defendants have not provided plaintiffs with the evidence leading to their firing—which is not evidence of malice either, because whether "*[p]laintiffs*" do or "do not have" that evidence sheds no light on whether *Ms. Almodovar* spoke with knowing or reckless

falsity, *see* Compl. ¶ 23.[3]  The sole remaining allegation—that "Defendants had no information on which to reasonably rely that any of the Plaintiffs committed unethical conduct," Compl. ¶ 21—is speculative and, again, concerns an accusation Ms. Almodovar did not make, *see supra* Parts II-III.

Plaintiffs provide no allegations plausibly suggesting that defendants acted with actual malice, and the Complaint must therefore be dismissed.

### V. Punitive Damages Are Not Available Against Fannie Mae

Even if Fannie Mae could be deemed liable despite the many insuperable obstacles already outlined, plaintiffs cannot receive punitive damages.  For one thing, Fannie Mae is a federal instrumentality, *e.g.*, *Mwangi v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 12434327, at *3 (N.D. Ga. Mar. 9, 2015), and federal instrumentalities are immune from punitive damages, *e.g.*, *In re Sparkman*, 703 F.2d 1097, 1100-01 (9th Cir. 1983).  *See* MTD Br. 15.  For another, the Housing and Economic Recovery Act of 2008 ("HERA") exempts Fannie Mae from all "amounts in the nature of penalties or fines" while in conservatorship.  12 U.S.C. § 4617(j)(1), (4) (the "HERA Penalty Bar"); *see* MTD Br. 15-17.

Once again, plaintiffs dispute neither of these points, and thus have conceded both.  *See Evans*, 766 F. Supp. 3d at 618.  Nor could there be any doubt on either issue, given the overwhelming authority finding both that Fannie Mae is a federal instrumentality, *see* MTD Br. 15, and that the HERA Penalty Bar applies to Fannie Mae, *see* MTD Br. 15-17 & 17 n.7.  Rather,

---

[3] Plaintiffs appear to have inadvertently cited the same paragraphs in their opposition that they cited in their opposition to Fannie Mae's motion to dismiss in the related case—including paragraphs "42 and 43," which appear only in the complaint in the related case.  *See* MTD Opp. 5; Pls.' Mem. Of Law in Opp. To Def. Fannie Mae's Mot. to Dismiss 7, *Kancharla v. United States of America*, No. 1:25-cv-1540 (E.D. Va. filed Dec. 5, 2025), Dkt. 23.  *Compare* Compl. at p. 10 (containing only 41 paragraphs), *with* Compl. at pp. 10-11, *Kancharla*, *supra*, Dkt. 1-1. Defendants therefore have transposed them into the matching paragraphs of the Complaint in this case.

plaintiffs only assert that *Ms. Almodovar* can be subject to punitive damages, citing general Virginia law authorizing punitive damages awards. MTD Opp. 5. But even assuming they can circumvent the HERA penalty bar as to a Fannie Mae employee acting within the scope of her employment, this doctrine fails on its own terms, as Virginia law requires "proof of common-law actual or express malice" before punitive damages may be awarded, MTD Opp. 5, and plaintiffs have failed to allege actual malice, *see supra* Part IV; MTD Br. 11-15. Punitive damages thus are unavailable.

## VI. Plaintiffs Do Not Satisfy The Requirements Necessary To Amend The Complaint

In implicit acknowledgment of the Complaint's shortcomings, plaintiffs request leave to amend it. MTD Opp. 5. But plaintiffs may not raise a request for leave to amend in an opposition brief. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 218 (4th Cir. 2019) (no abuse of discretion to deny leave to amend where request not properly made in separate motion). Their request is thus procedurally improper. More fundamentally, plaintiffs identify no new facts or allegations they would add to remedy the deficiencies in the complaint. *See* MTD Opp. 5 (simply asking for leave to amend without explanation). "Without that information, there [is] no way for a district court to evaluate whether the proposed amendments were futile or not," and so there is no basis for granting amendment. *ACA Fin. Guar. Corp.*, 917 F.3d at 218. And amendment would be futile in any event, because several of the deficiencies in the Complaint—including the failure to allege a statement of fact and the failure to allege falsity—stem from the press release itself and cannot be cured. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) ("A district court's denial of leave to amend is appropriate when . . . 'the amendment would have been futile.'"). The Court therefore should deny leave to amend.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: December 19, 2025

Respectfully submitted,

**O'MELVENY & MYERS LLP**

/s/ *Brian P. Quinn*

Meaghan VerGow\*
mvergow@omm.com
Brian P. Quinn (VSB No. 90997)
bquinn@omm.com
1625 Eye Street NW, 10th Floor
Washington, D.C. 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

Leah Godesky\*
lgodesky@omm.com
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

\* admitted *pro hac vice*

*Attorneys for Defendants Priscilla Almodovar and The Federal National Mortgage Association*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of December, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Milton C. Johns
mjohns@xlppllc.com
Executive Law Partners, LLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030


/s/ *Brian P. Quinn*

Brian P. Quinn (VSB No. 90997)
bquinn@omm.com
O'Melveny & Myers LLP
1625 Eye Street NW, 10th Floor
Washington, D.C. 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorney for Defendants Priscilla Almodovar and The Federal National Mortgage Association*

12